**UNITED STATES COURT OF FEDERAL CLAIMS**

EXPERIMENTAL PROPULSION
LAB, LLC,

        Plaintiff,

        v.

THE UNITED STATES,

        Defendant.

No. 25-cv-564 C

Chief Judge Matthew H. Solomson

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
FIRST AMENDED COMPLAINT PURSUANT TO RCFC 12(b)(1)
AND RCFC 12(b)(6) AND PARTIAL MOTION TO DISMISS
PURSUANT TO RCFC 12(b)(1)**

BRETT A. SHUMATE
Assistant Attorney General

SCOTT BOLDEN
Director

THOMAS J. SULLIVAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

Dated: September 17, 2025

*Attorneys for the United States of America*

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................1

I.      PLAINTIFF FAILED TO CARRY ITS BURDEN TO ESTABLISH THIS COURT'S
        JURISDICTION OVER THE AMENDED COMPLAINT ...................................................1

        A.      PLAINTIFF RELIES ON AN INCOMPLETE INTERPRETATION OF THE LEGAL
                STANDARD GOVERNING A MOTION TO DISMISS FOR LACKING SUBJECT
                MATTER JURISDICTION ........................................................................................1

        B.      PLAINTIFF HAS FAILED TO ESTABLISH ARTICLE III STANDING................................3

II.     THE AMENDED COMPLAINT FAILS TO SUFFICIENTLY PLEAD A CLAIM
        UNDER § 1498(A) ....................................................................................................6

        A.      THE AMENDED COMPLAINT STILL FAILS TO ESTABLISH EPL AS THE
                PATENT "OWNER" ..............................................................................................6

        B.      THE AMENDED COMPLAINT STILL FAILS TO PROVIDE FACTUAL
                ALLEGATIONS SUFFICIENT TO SHOW A PLAUSIBLE CLAIM OF INFRINGEMENT..........7

                1.   The XM1155-SC Hypervelocity Projectile ....................................... 9

                2.   Claims 2–9 of the '033 Patent.......................................................... 11

III.    PLAINTIFF'S ALTERNATIVE REQUEST FOR LEAVE TO AMEND IS IMPROPER
        AND FUTILE ............................................................................................................12

CONCLUSION ...................................................................................................................13

## TABLE OF AUTHORITIES

**Cases**

*AgroFresh Inc. v. Hazel Techs., Inc.*,
  C.A. No. 18-1486 (MN), 2019 WL 1859296 (D. Del. Apr. 25, 2019) ....................................... 6

*Alzheimer's Inst. of Am., Inc. v. Avid Radiopharm.*,
  C.A. No. 10-6908, 2011 WL 3875341 (E.D. Pa. Aug. 31, 2011),
  *aff'd*, 560 Fed. Appx. 996 (Fed. Cir. 2014) .............................................................. 3

*Bot M8 L.L.C. v. Sony Corp. of Am.*,
  4 F.4th 1342 (Fed. Cir. 2021) ..................................................................... *passim*

*Cap Co. v. McAfee, Inc.*,
  C.A. No. 14-05068-JD, 2015 WL 4734951 (N.D. Cal. Aug. 10, 2015) .................................. 10

*Cedars-Sinai Med. Ctr. v. Watkins*,
  11 F.3d 1573 (Fed. Cir. 1993) .............................................................. 2, 3, 4

*Chem. Separation Tech., Inc. v. United States*,
  51 Fed Cl. 771 (2002) ......................................................................... 11

*Data Distrib. Tech., LLC v. BRER Affiliates, Inc.*,
  C.A. No. 12-4878, 2014 WL 4162765 (D.N.J. Aug. 19, 2014) .................................... 12

*Dixon v. United States*,
  158 Fed. Cl. 80 (2022) ......................................................................... 13

*e.Digital Corp. v. iBaby Labs, Inc.*,
  C.A. No. 15-05790-JST, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016) ............................... 8

*Ferreiro v. United States*,
  350 F.3d 1318 (Fed. Cir. 2003) ..................................................................... 2

*Footbalance Sys. Inc. v. Zero Gravity Inside, Inc.*,
  C.A. No. 15-1058-JLS (DHB), 2017 WL 3877720 (S.D. Ca. Sept. 5, 2017) ........................ 12

*Geovector Corp. v. Samsung Elecs. Co.*,
  C.A. No. 16-02463-WHO, 2017 WL 76950 (N.D. Cal. Jan. 9, 2017) ................................ 10

*Huang v. Amazon.com, Inc.*,
  No. 2024-1428, 2025 WL 314718 (Fed. Cir. Jan. 28, 2025) ....................................... 8

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) .............................................................. 7, 8

ii

*IOENGINE LLC v. Interactive Media Corp.*,
  C.A. No. 14-1571-GMS, 2017 WL 39563 (D. Del. Jan. 4, 2017)..............................................3

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
  714 F.3d 1277 (Fed. Cir. 2013) ....................................................................................... 7, 9

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
  869 F.3d 1372 (Fed. Cir. 2017) .............................................................................................. 8

*Maimon v. United States*,
  175 Fed. Cl. 553 (2025) ......................................................................................................... 2

*MAZ Encryption Techs. LLC v. Blackberry Corp.*,
  C.A. No. 13-304-LPS, 2016 U.S. Dist. LEXIS 134000 (D. Del. Sep. 29, 2016) ..................... 11

*McZeal v. Sprint Nextel Corp.*,
  501 F.3d 1354 (Fed. Cir. 2007) .............................................................................................. 7

*Mitchell v. Hawley*,
  83 U.S. 544 (1872)................................................................................................................. 5

*Nalco Co. v. Chem-Mod, L.L.C.*,
  883 F.3d 1337 (Fed. Cir. 2018) .............................................................................................. 8

*North Hartland LLC v. United States*,
  78 Fed. Cl. 172 (2007) ........................................................................................................... 2

*Padilla v. United States*,
  58 Fed. Cl. 585 (2003) ........................................................................................................... 5

*Port-A-Pour, Inc. v. Peak Innovations, Inc.*,
  C.A. No.13-01511-WYD-BNB, 2015 WL 292913 (D. Colo. Jan. 20, 2015) ........................... 5

*Power Density Sols. LLC v. United States*,
  159 Fed. Cl. 208 (2022) ............................................................................................. 7, 8, 9–10

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
  959 F.3d 1065 (Fed. Cir. 2020) ......................................................................................... 1–2

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*,
  873 F.3d 905 (Fed. Cir. 2017) ............................................................................................... 6

*SiRF Tech., Inc. v. Int'l Trade Comm'n*,
  601 F.3d 1319 (Fed. Cir. 2010) .............................................................................................. 4

*ThermoLife Int'l, LLC v. NeoGenesis Labs., Inc.*,
  411 F. Supp. 3d 486 (D. Ariz. 2019) .................................................................................... 11

*Tyco Fire Prods LP v. Victaulic Co.*,
   777 F. Supp. 2d 893 (E.D. Pa. 2011) .................................................................. 12

*Univ. of S. Fla. Bd. Of Trs. v. United States*,
   146 Fed. Cl. 274 (2019) .................................................................................... 11

**Statutes**

28 U.S.C. § 1498(a) ............................................................................................... 2, 7

35 U.S.C. § 261 ......................................................................................................... 4

**Rules**

FED. R. CIV. P. Form 18 .......................................................................................... 7

FED. R. EVID. 1004(b) ............................................................................................. 6

RCFC 12(b)(1) .......................................................................................................... 2

RCFC 12(b)(6) ................................................................................................ *passim*

RCFC 15(a) ............................................................................................................. 12

Rule 12(b)(1) of the Rules of Civil Procedure ...................................................... 3

**INTRODUCTION**

Plaintiff Experimental Propulsion Lab, LLC's ("Plaintiff" or "EPL") First Amended Complaint ("Amended Complaint") should be dismissed.[1]  As explained in the United States' (the "Government") Motion to Dismiss, ECF 17, these claims suffer from fundamental defects. Despite Plaintiff's *post hoc* attempts to correct its initial Complaint, this action still does not properly invoke this Court's jurisdiction and fails to state a claim upon which relief may be granted.  In its Response, ECF 18, Plaintiff raises numerous arguments but fails to overcome these deficiencies.  Accordingly, the Court should grant the Government's Motion to Dismiss.

Plaintiff has also requested that the Court grant it a second chance to amend and try to fix the defects identified by the Government.  But Plaintiff has not identified any additional allegations it could make that would support a plausible claim for patent infringement. Accordingly, any amendment would be futile, and the Amended Complaint should be dismissed with prejudice.

**ARGUMENT**

**I.    PLAINTIFF FAILED TO CARRY ITS BURDEN TO ESTABLISH THIS COURT'S JURISDICTION OVER THE AMENDED COMPLAINT**

     **A.    Plaintiff Relies on an Incomplete Interpretation of the Legal Standard Governing a Motion to Dismiss for Lacking Subject Matter Jurisdiction**

Plaintiff first contends that its allegations in the Amended Complaint are sufficient to meet its burden to show standing.  *See, e.g.*, ECF 18 at 3, 4.  Quoting *Schwendimann v.*

---

[1] Plaintiff's Response argues that the Amended Complaint only accuses the XM115-SC Hypervelocity Projectile ("HVP") device of infringement and any arguments moving to dismiss claims of infringement directed to the larger class of HVPs are mooted.  *See, e.g.*, ECF 18 at 2, 8, 15.  But Plaintiff's contentions do not alter the fact that the Amended Complaint's allegations broadly refer to the HVP class of products as a whole.  *See* ECF 17 at 7–9 (citing, *inter alia*, ECF 11, ¶¶ 7, 15; *id.* at 13).  Accordingly, the Government maintains its request to dismiss all claims of infringement directed to any HVP device, including the XM115-SC, and focuses its Reply on addressing the remaining merits of Plaintiff's Response.

1

*Arkwright Advanced Coating, Inc.*, 959 F.3d 1065 (Fed. Cir. 2020), the Response asserts that "no standing issue" is present if a complaint contains allegations that the plaintiff is the patent owner by assignment and the defendant infringed the patent-at-issue. *Id.* at 4. But Plaintiff's understanding of the legal standard for assessing a motion to dismiss for lack of subject matter jurisdiction in the 28 U.S.C. § 1498(a) context is incomplete.

As the Court has observed, "[d]espite th[e] basic premise" that the allegations of a complaint should be construed favorably to the pleader, "if the movant challenges the factual basis for jurisdiction as set forth in the complaint, the court need not restrain its analysis to plaintiff's well-pleaded complaint." *North Hartland LLC v. United States*, 78 Fed. Cl. 172, 177 (2007) (citing *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993)). Under a Rules of the Court of Federal Claims ("RCFC") Rule 12(b)(1) motion, "the allegations in the complaint are not controlling, and only uncontroverted allegations are accepted as true." *Cedars-Sinai Med.*, 11 F.3d at 1584; *accord Maimon v. United States*, 175 Fed. Cl. 553, 559–60 (2025). Accordingly, "[a] trial court may weigh relevant evidence when it considers a motion to dismiss that challenges the truth of jurisdictional facts alleged in a complaint." *Ferreiro v. United States*, 350 F.3d 1318, 1324 (Fed. Cir. 2003).

Here, the Government's Motion to Dismiss asserted, *inter alia*, a factual challenge to this Court's jurisdiction to decide Plaintiff's ownership claims based on the grant and release of two security agreements that (1) identify the '033 Patent as an interest covered by these transactions and (2) list third-parties Planetary Systems Corporation ("Planetary") and Solaero Technologies Corp. ("Solaero") as the owners of the '033 Patent. ECF 17 at 21, 23–25; *see also* ECF 8-1 at A017–39, A040–62, A063–83, A084–103. In other words, the Government challenged the factual basis for Plaintiff's claims that it "owns the [the '033 Patent]," "never assigned [its] rights

2

to any other entity or person," and "[a]ny further documents recorded at the Patent Office that refer to the '033 patent as being owned by any entity other than EPL are in error."  ECF 11, ¶¶ 1, 11.  This factual challenge shifted the burden to Plaintiff "to demonstrate facts sufficient to support its contention regarding the court's jurisdiction"; "allegations alone are insufficient to meet [Plaintiff's] burden."  *Cedars-Sinai Med.*, 11 F.3d at 1584.  Plaintiff retains this burden despite the recording of the assignment of the '033 Patent to EPL (ECF 8-1 at A011–16).  *IOENGINE LLC v. Interactive Media Corp.*, C.A. No. 14-1571-GMS, 2017 WL 39563, at *2 (D. Del. Jan. 4, 2017) (observing that the patentee-assignee plaintiff "has the burden of proving jurisdiction exists, i.e. that there was a valid assignment" in a factual challenge brought under Rule 12(b)(1) of the Rules of Civil Procedure); *Alzheimer's Inst. of Am., Inc. v. Avid Radiopharm.*, C.A. No. 10-6908, 2011 WL 3875341, at *9 (E.D. Pa. Aug. 31, 2011), *aff'd*, 560 Fed. Appx. 996 (Fed. Cir. 2014) (a properly recorded assignment "does not *a fortiori* establish ownership of the patent").  But as explained below, Plaintiff provided no such evidence.

B.    **Plaintiff Has Failed to Establish Article III Standing**

In its Motion to Dismiss, the Government explained how EPL's unsupported allegations concerning its ownership of the '033 Patent fail to discredit USPTO records that confirm other entities possessed legal title to the '033 Patent when this suit was filed.  *See* ECF 17 at 9–12, 21, 23–25.  In its Response, Plaintiff maintains that its pleading allegations "must be accepted as true" and presents additional arguments.  *See* ECF 18 at 4–6.  As discussed above in Section I.A, the Amended Complaint's allegations that EPL possessed legal title to the '033 Patent when this suit was filed alone do not satisfy Plaintiff's burden of establishing constitutional standing when faced with a factual challenge and should be disregarded.

With respect to the security agreements and releases, Plaintiff first offers an unsupported inference that these documents were filed in error, but an unsupported inference cannot establish

3

Plaintiff's standing. ECF 18 at 5. Although Plaintiff contends that Rocket Labs and Solaero's security interests and the associated releases were incorrectly recorded, EPL offers no evidence in support of this assertion, or its assertion that either party has no interest in the '033 Patent.[2] "Once challenged, allegations alone are insufficient to meet the complainant's burden." *Cedars-Sinai*, 11 F.3d at 1584.

Plaintiff suggests that the Court should give little weight to the security agreements and releases because the USPTO did "not review or approve" the public recording, ECF 18 at 5, n.4, but Plaintiff excerpts authority that controverts its suggestion. In *SiRF Tech., Inc. v. Int'l Trade Comm'n*, the Federal Circuit acknowledged that recording an assignment with the USPTO was not conclusively determinative of its validity, but doing so nevertheless "creates *a presumption of validity* as to the assignment and *places the burden to rebut* such a showing on" the challenger. 601 F.3d 1319, 1327–28 (Fed. Cir. 2010) (emphases added). In reaching this conclusion, the Federal Circuit relied on the express language of 35 U.S.C. § 261, which encourages public recordation of an "assignment, grant or conveyance" for a *bona fide* purchaser defense. *Id.* (citing 35 U.S.C. § 261). And while security interest agreements are not assignments, Plaintiff has failed to explain why no presumption of validity should likewise attach to these documents. Thus, the security agreements and releases should be presumed valid, and cannot be rebutted with unsupported inferences.

---

[2] Plaintiff's unsupported assertion that these documents "erroneously listed the '033 patent's ownership . . . . is the only reasonable inference to draw" strains credulity. ECF 18 at 5. This Court should not presume that what facially appears to be two properly executed and recorded security interest agreements and two subsequent releases are otherwise simply because Plaintiff alleges that they *might* be. Rather, the "only reasonable inference" is that four separate documents, involving four separate transactions, consistently and correctly detail the ownership of the '033 Patent.

4

Plaintiff next argues that because the Government has not "point[ed] to any such transfer agreement" where EPL has conveyed its ownership in the '033 Patent, Plaintiff has constitutional standing. ECF 18 at 5–6. This misses the mark. Again, Plaintiff misunderstands the burden for demonstrating standing: Plaintiff, not the Government, must establish Article III standing. The absence of a written transfer agreement does not defeat the language of the security agreements themselves—which included the conveyance of all "right, title, and interest in, to, and under" the '033 Patent and also any damages claims resulting from the infringement of the patent, the right to bring suit, and any licenses, rights, fees, and royalties associated with using the patent. ECF 8-1 at A020, A021, A043, A044. The terms of the agreements clarify that Planetary and Solaero are the correct owners of the '033 Patent: "*Nemo dat quod non habet*," *i.e.*, one cannot give what one does not have. *See Mitchell v. Hawley*, 83 U.S. 544, 550 (1872).

Finally, Plaintiff's Response contends that the security interest agreements and releases are not "admissible evidence" and should be discounted because they constitute inadmissible hearsay and violate the best evidence rule. ECF 18 at 6. But neither theory is applicable here. As an initial matter, Plaintiff does not dispute that these documents themselves are properly subject to judicial notice. *Port-A-Pour, Inc. v. Peak Innovations, Inc.*, C.A. No.13-01511-WYD-BNB, 2015 WL 292913, *2 (D. Colo. Jan. 20, 2015) (taking judicial notice of the assignment documents recorded in the public records of the USPTO). Second, the security agreements and releases cannot be considered hearsay because these documents constitute contracts and contracts have "independent legal significance and are not hearsay." *Padilla v. United States*, 58 Fed. Cl. 585, 592 (2003). Plaintiff agrees that the terms of contracts, including the ownership of the '033 Patent and the conveyance of rights in this property, "do not constitute hearsay." ECF 18 at 6. Notably, Plaintiff fails to explain how the assignment to EPL itself would not

5

constitute inadmissible hearsay under its own theory because Plaintiff uses the assignment to prove it is true that EPL owns the '033 Patent.  *Id.* at 4–5.  Third, none of these agreements run afoul of the best evidence rule because the original agreement(s) where Planetary and/or Solaero acquired title in the '033 Patent "cannot be obtained by any available judicial process" because both entities reside outside of this Court's jurisdiction in Long Beach, California.  FED. R. EVID. 1004(b); ECF 8-1 at A064, A085.

## II.   THE AMENDED COMPLAINT FAILS TO SUFFICIENTLY PLEAD A CLAIM UNDER § 1498(a)

### A.   The Amended Complaint Still Fails to Establish EPL as the Patent "Owner"

As the Government explained in its Motion to Dismiss, EPL is not the owner of the '033 Patent and does not have statutory standing.  *See, e.g.*, ECF 17 at 29.  But Plaintiff's Response appears to characterize this argument as related to constitutional standing.  *See* ECF 18 at 7.  In any event, the Response asks this Court to "decline the Government's invitation to assume both that the Government will prove co-ownership by Planetary Systems and Solaero and that these entities will refuse to be joined as co-plaintiffs (or that they have not waived their right to refuse joinder)."  *Id.*  But in evaluating the statutory standing question under RCFC 12(b)(6), the Court "must accept all well-pleaded factual allegations in the complaint as true," and "need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'"  *AgroFresh Inc. v. Hazel Techs., Inc.*, C.A. No. 18-1486 (MN), 2019 WL 1859296, at *1 (D. Del. Apr. 25, 2019) (citing *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017)).  Again, EPL's allegation that it is the sole owner of the '033 Patent should not be accepted as true.  Without this allegation, the Amended Complaint does not plausibly allege that EPL has statutory standing to bring an infringement action against the Government, and this action should be dismissed.

**B.** **The Amended Complaint Still Fails to Provide Factual Allegations Sufficient to Show a Plausible Claim of Infringement**

The Government explained in its Motion to Dismiss that the Amended Complaint fails to meet the pleading standards of RCFC 12(b)(6) because it does not allege a plausible claim of infringement under § 1498. *See* ECF 17 at 28–38. In its Response, Plaintiff argues that the allegations in its Amended Complaint satisfy RCFC 12(b)(6) because they "more than clear the bar for establishing plausibility at the pleading stage and put the Government on notice that the XM1155-SC Hypervelocity Projectile's propulsion system infringes the '033 patent." ECF 18 at 11. Plaintiff's arguments on each point are unavailing and ignore the flaws in its pleading that render the allegations insufficient. Accordingly, the Amended Complaint should be dismissed under RCFC 12(b)(6).

As an initial matter, Plaintiff relies on *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277 (Fed. Cir. 2013), and *Power Density Sols. LLC v. United States*, 159 Fed. Cl. 208 (2022). ECF 18 at 11. But both cases applied a different pleading standard. Cases decided prior to December 1, 2015, such as *K-Tech*, assessed the sufficiency of allegations of patent infringement against FED. R. CIV. P. Form 18, which required only "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand  for an injunction and damages." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)). The Federal Circuit further stated that "to the extent the parties argue that *Twombly* and its progeny conflict with the Forms and create differing pleadings requirements, the Forms control." *Id.* On December 1, 2015, the Supreme Court abrogated

7

Form 18, and since then, direct infringement allegations have been reviewed under the *Twombly/Iqbal* standard.  *See, e.g.*, *Nalco Co. v. Chem-Mod, L.L.C.*, 883 F.3d 1337, 1347 n.2 (Fed. Cir. 2018).

Although the Federal Circuit has declined to say whether the two standards differ since the abrogation of Form 18, *see, e.g.*, *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1377 (Fed. Cir. 2017), it previously acknowledged that "[i]t will not always be true that a complaint which contains just enough information to satisfy a governing form will be sufficient under *Twombly* and its progeny."  *Bill of Lading*, 681 F.3d at 1334, n.6.  And recent Federal Circuit cases have held complaints insufficient like those previously deemed sufficient under Form 18. *See Bot M8 L.L.C. v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) ("[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements."); *see also Huang v. Amazon.com, Inc.*, No. 2024-1428, 2025 WL 314718, at *3 (Fed. Cir. Jan. 28, 2025) (affirming dismissal where complaint identified products but failed to plead factual allegations showing that products contained accused chip).

The Government recognizes that this Court reached a different conclusion in *Power Density*, holding that "[a]lthough Form 18 has been abrogated, its pleading standard remains applicable."  159 Fed. Cl. at 219 n.8.  But that decision is in tension with recent Federal Circuit decisions and district court decisions that have addressed the issue.  *See, e.g.*, *e.Digital Corp. v. iBaby Labs, Inc.*, C.A. No. 15-05790-JST, 2016 WL 4427209 at *2–*3 (N.D. Cal. Aug. 22, 2016) (rejecting similar reasoning to *Power Density* and cataloging decisions).  As the decision is not binding, the Government urges the Court to decline to follow the holding of *Power Density* regarding RCFC 12(b)(6) pleading standards.  Regardless, even applying the standard adopted in

8

*K-Tech*, Plaintiff's allegations are insufficient because they fail to "place[] [the Government] on notice of what activity or device is being accused of infringement." *K-Tech*, 714 F.3d at 1284.

1.    The XM1155-SC Hypervelocity Projectile

The Government established that the Amended Complaint failed to plead sufficient factual allegations to demonstrate a plausible claim of infringement. *See* ECF 17 at 31–38. In its Response, Plaintiff raises many arguments, all of which are unavailing. *See* ECF 18 at 2, 11–14.

**First,** Plaintiff implies that the Government is seeking to impose an incorrect pleading standard, arguing for a "heightened standard that does not match the law." *Id.* at 2. Not so. Rather, the Government merely contends that the Amended Complaint must plead sufficient factual allegations that "articulate why it is plausible that the accused product infringes the patent claim." *Bot M8*, 4 F.4th at 1353. Mere conclusory assertions that "[t]he only way for the XM1155-SC version of the Hypervelocity Projectile to achieve this precision at hypersonic speeds is with an on-board propulsion system that infringes the '033 patent" is insufficient. *See, e.g.*, ECF 11, ¶ 13. Indeed, Plaintiff's acknowledgement of the highly technical nature of the claimed invention and accused products reinforces the need for more detailed factual allegations. *See Bot M8*, 4 F.4th at 1353 ("The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology . . . .").

**Second,** Plaintiff argues that the Amended Complaint provides sufficient allegations to support a plausible claim of infringement related to the XM1155-SC device but fails to meaningfully dispute the Government's contention that its infringement theory is underdeveloped. ECF 18 at 12–13. Instead, the Response states that the Amended Complaint's allegations "more than meet the pleading standard," especially for "an accused product that is made by defense contractors for the U.S. military, neither of which publish classified and confidential schematics and engineering drawings for the product." *Id.* at 12–13 (citing *Power*

9

*Density*, 159 Fed. Cl. at 220). But as explained above, *Power Density* is of no help to Plaintiff here. Moreover, Plaintiff cannot first claim that the Amended Complaint plausibly alleges a claim of infringement while also advocating for a lower bar because the accused device is made for the U.S. military. Nor can Plaintiff rely on the Amended Complaint's patchwork of infringement allegations. ECF 18 at 13. The Government does not fault the Amended Complaint for failing to only cite "a single omnibus document." *Id.* Instead, the Government, and other courts, fault plaintiffs for "'mixing and matching between different accused products' in [] claim charts, as '[i]nfringement cannot be shown by a muddled hash of elements from different products.'" *Geovector Corp. v. Samsung Elecs. Co.*, C.A. No. 16-02463-WHO, 2017 WL 76950, at *4 (N.D. Cal. Jan. 9, 2017) (quoting *Cap Co. v. McAfee, Inc.*, C.A. No. 14-05068-JD, 2015 WL 4734951, at 2* (N.D. Cal. Aug. 10, 2015)); *see also* ECF 17 at 32.

    ***Third***, Plaintiff's Response claims that the "Government's attorney argument purporting to explain and reinterpret the technical evidence is insufficient to defeat EPL's claims on the merits, much less on the pleadings." ECF 18 at 13. Plaintiff, however, fails to explain how the plain reading of the article forming the basis for the Amended Complaint's infringement claim, the March 2023 test firing of the XM1155-SC HVP against a fixed target, constitutes "attorney argument" or provides any evidence that this device contained or contains an integrated DACS and/or a generalized "attitude control propulsion system." ECF 17 at 33–34. Nor does Plaintiff attempt to refute other factual allegations that "are actually *inconsistent* with and contradict infringement." *Bot M8*, 4 F.4th at 1354 (emphasis added); ECF 17 at 33–35. The closest Plaintiff's Response comes is in a footnote where it contends that the "most plausible explanation" for the lack of rocket nozzles in a common HVP device is that this device was an unclassified HVP device. ECF 18 at 14, n.6. But Plaintiff cannot have it both ways—EPL

10

cannot argue that this same video is evidence of infringement in some aspects, but not others. *Compare id.*, *with* ECF 11, ¶ 8. Regardless, Plaintiff's citation to several cases to rebut the Government's purported argument fails because the cases either dealt with a different standard of proof or concerned more than a plain reading of the materials cited in a pleading. *Id.* at 13–14 (citing *Univ. of S. Fla. Bd. Of Trs. v. United States*, 146 Fed. Cl. 274, 294 (2019) (summary judgment); *Chem. Separation Tech., Inc. v. United States*, 51 Fed Cl. 771, 816 (2002) (following trial on the merits); *ThermoLife Int'l, LLC v. NeoGenesis Labs., Inc.*, 411 F. Supp. 3d 486, 498 (D. Ariz. 2019) (chemical conversion of a compound to test presence of infringement); *MAZ Encryption Techs. LLC v. Blackberry Corp.*, C.A. No. 13-304-LPS, 2016 U.S. Dist. LEXIS 134000, at *15 (D. Del. Sep. 29, 2016) (judgment on the pleadings)).

2.    Claims 2–9 of the '033 Patent

In its Motion, the Government established that the Amended Complaint does not plead any factual allegations demonstrating a plausible claim of infringement for Claims 2–9 of the '033 Patent. *See* ECF 17 at 5, 32, 37. Plaintiff's Response does not dispute this. Instead, Plaintiff contends that this omission does not foreclose Plaintiff from asserting these claims: "[A] complaint for patent infringement need not identify all claims of the patent that the plaintiff will assert. The identification of asserted claims comes later, in the plaintiff's infringement contentions." ECF 18 at 13–14. While Plaintiff may be correct that the Amended Complaint may not need to expressly identify each and every claim that will be asserted, it must still proffer "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringe the patent claim[s]." *Bot M8*, 4 F.4th at 1353. Because the Amended Complaint lacks any allegations that the XM1155-SC HVP device contains the specific rocket fuel claimed in Claims 2 and 7–9, the igniter and injector ports recited in Claims 3–5, or Claim 6's exterior coating, Plaintiff failed to articulate a plausible claim of infringement for

11

Claims 2–9 of the '033 Patent. The fact that the Court's local patent rules later require Plaintiff to provide more detailed infringement contentions in discovery does not relinquish Plaintiff from its obligation to plead fundamental, plausible facts in accordance with RCFC 12(b)(6). *See Data Distrib. Tech., LLC v. BRER Affiliates, Inc.*, C.A. No. 12-4878, 2014 WL 4162765, at \*6 (D.N.J. Aug. 19, 2014) ("The Local Patent Rules do not supersede the Federal Rules of Civil Procedure."); *Tyco Fire Prods LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 895 (E.D. Pa. 2011) (noting "that relying on local patent rules to alter the pleading standard is not consistent with the national rules"); *Footbalance Sys. Inc. v. Zero Gravity Inside, Inc.*, C.A. No. 15-1058-JLS (DHB), 2017 WL 3877720, at \*3 (S.D. Ca. Sept. 5, 2017) (noting that "these Patent Local Rules cannot supplant the Supreme Court's directives in *Twombly*/*Iqbal*, which clarified the pleading standards under the Federal Rules of Civil Procedure").

## III. PLAINTIFF'S ALTERNATIVE REQUEST FOR LEAVE TO AMEND IS IMPROPER AND FUTILE

Plaintiff alternatively requests leave to amend its pleading in the last paragraph of its Response. *See* ECF 18 at 15. Plaintiff's request is improper and futile. Plaintiff already amended its pleading once in response to the Government's first motion to dismiss, and its amended pleading failed to cure the most significant deficiencies identified by the Government in its first motion. *See* ECF 17 at 38–40. In conjunction with its alternative request, Plaintiff did not separately move for leave to amend, did not attempt to seek the Government's consent, and did not provide the Court or the Government with its proposed amended pleading. *See generally* RCFC 15(a). Nor did Plaintiff even attempt to address the Government's arguments explaining why any additional amendment would not cure the Amended Complaint's failure to supply the sufficient factual allegations necessary to support an infringement claim. ECF 17 at 38–40. Indeed, in its request for leave to amend, Plaintiff does not identify any additional facts or

documents that would enable it to cure the defects in its Amended Complaint and allow it to

assert a plausible claim for infringement under the *Iqbal/Twombly* standard.  Because Plaintiff

has not explained how it would cure these defects in any subsequent complaint, any "proposed

amendment would be futile."  *Dixon v. United States*, 158 Fed. Cl. 80, 85 (2022).

## CONCLUSION

For the reasons presented in the Government's Opening Brief, as well as herein, the

Court should grant the Government's Motion to Dismiss.  Moreover, a dismissal based on

Plaintiff's failure to plead factual allegations sufficient to establish any plausible claim of

infringement should be with prejudice.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

SCOTT BOLDEN
Director

*s/ Thomas J Sullivan*
THOMAS J. SULLIVAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email: Thomas.J.Sullivan@usdoj.gov
Telephone: (202) 353-7997
Facsimile: (202) 307-0345

Dated: September 17, 2025                    *Attorneys for the United States of America*